**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| AGNES B. DONNELLY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-13-1376 |
| | § | |
| JP MORGAN CHASE, NA, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

This is a mortgage-foreclosure case.  On April 26, 2013, Agnes B. Donnelly, representing herself, filed a state-court petition against JP Morgan Chase Bank, NA captioned "Petition for Ex Parte Temporary/Permanent Injunction."  (Docket Entry No. 1-5).  JP Morgan timely removed the case to this court. (Docket Entry No. 1).  On May 17, 2013, JP Morgan moved to dismiss the petition for failure to state a claim.  (Docket Entry No. 3).  Donnelly has responded, and JP Morgan has replied.  After reviewing the petition; the motion, response, reply, and the related submissions; and the applicable law, the court grants JP Morgan's motion to dismiss and enters final judgment by separate order.  The reasons are explained below.

**I.      Donnelly's Petition**

Donnelly's state-court filing sought an injunction stopping "foreclosure proceedings of the home located at 7839 Battlecreek Dr., Houston, TX 77040."  Donnelly demanded that JP Morgan be required to do each of the following:

> 1.  FULL DISCLOSURE and verified accounting from April 2nd, 1993 though present date is provided.
> 2.  Original Promissory Note and Deed of Trust are provided for inspection.

3.   Full disclosure and calculations regarding default fees which includes foreclosure fees that Defendants alleges are owed.

4.   Explanation as how documents were created on April 2nd, 1993 by Chase when mortgage was originated with Fox Mortgage[,which was crossed out with Oak Hill Certified Mortgage  written over it] on August 17th, 1982 and refinanced with Fox Mortgage on April 8th 1993.

5. Explanation as to reason Chase has reported to Credit Bureaus that account originated on April 1st, 1993.

6.   Provide evidence that Chase is both a Holder in Due Course and is a Party in Interest regarding the mortgage.

(Docket Entry No. 1-5).

Donnelly provided a "summary of defendants' illegal practices [that] demonstrates entitlement to relief." (*Id.*).  She asserted that her loan was paid in full.  At the status conference, Donnelly explained her basis for alleging that the loan was paid.  Her basis was that she told the United States Treasury Department to pay the mortgage loan on her behalf.  Donnelly asserted that making this demand entitled her to have her mortgage paid by the federal government.  She acknowledged that she has not tried to pay any other bills using this approach.  The allegation that she has paid her mortgage by demanding the Treasury Department pay it is implausible on its face.  Second, Donnelly alleged that JP Morgan failed to disclose the amount she owed and how much was from default fees.  Third, she alleged that JP Morgan lied about the status of her foreclosure.  Fourth, she alleged that JP Morgan used "victimizing and abusive practices" against her in retaliation for "contact[ing] the Attorney General and mak[ing] him aware of possible dual tracking violations that were part of the National Mortgage Settlement of 2013." (*Id.*).  Finally, Donnelly asserted that she offered to pay JP Morgan to settle account deficiencies but has not received the information she needs to do so.

## II.    The Legal Standard

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556).

To withstand a Rule 12(b)(6) motion, a "complaint must allege 'more than labels and conclusions,'" and "'a formulaic recitation of the elements of a cause of action will not do.'" *Norris v. Hearst Trust*, 500 F.3d 454, 464 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (alteration in original) (quoting *Twombly*, 550 U.S. at 557). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (footnote omitted) (quoting *Twombly*, 550 U.S. at 555). "Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief,

this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Id.* (quoting *Twombly*, 550 U.S. at 558).

When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff a chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice, unless it is clear that to do so would be futile. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal."). However, a plaintiff should be denied leave to amend a complaint if the court determines that "the proposed change clearly is frivolous or advances a claim or defense that is legally insufficient on its face." 6 CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1487 (2d ed. 1990); *see also Ayers v. Johnson*, 247 F. App'x 534, 535 (5th Cir. 2007) ("'[A] district court acts within its discretion when dismissing a motion to amend that is frivolous or futile.'" (quoting *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. of Am. Co.*, 195 F.3d 765, 771 (5th Cir. 1999))).

A plaintiff seeking an injunction must shown a substantial likelihood of success on the merits of her claims. *See Texans for Free Enter. v. Texas Ethics Comm'n*, 732 F.3d 535, 537 (5th Cir. 2013). A plaintiff is not entitled to an injunction when the "court has dismissed each of [her] claims as a matter of law." *Puig v. Citibank, N.A.*, 3:11-cv-0270-L, 2012 WL 1835721, at *17 (N.D. Tex. May 21, 2012).

## III.   Discussion

Liberally construed, Donnelly's petition asserts a claim for:

(1)     an accounting;
(2)     wrongful foreclosure;
(3)     production of certain documents;
(4)     wrongful credit reporting; and
(5)     "victimizing and abusive practices."

Each is addressed in turn.

### A.     An Accounting

Donnelly seeks "FULL DISCLOSURE and verified accounting" from "April 2, 1993-present date"; "full disclosure and calculations regarding default fees"; and "explanations as how documents were created" on April 2, 1993.  JP Morgan moves to dismiss because an accounting is an equitable remedy, not an independent cause of action.

Some courts have stated that "an accounting is an equitable remedy that is not an independent cause of action." *Watson v. Aurora Loan Servicing LLC*, No. 4:11-cv-301, 2012 WL 3594233, at *10 (N.D. Tex. Aug. 21, 2012) (citing *Henry v. CitiMortgage, Inc.*, No. 4:11-cv-083, 2011 WL 2261166, at *8 (E.D.Tex. May 10, 2011)); *see also Aguirre v. Nationstar Mortg. LLC*, No. H: 13-cv-3199, 2014 WL 125957, at *2 (Werlein, J.) ("Furthermore, an accounting is a remedy, not an independent cause of action." (citing *Moye v. Fed. Home Loan Mortg. Corp.*, H: 12-cv-0502, 2012 WL 3048858, at *5 (S.D. Tex. July 25, 2012) (Ellison, J.)).

Other courts, however, have treated an action for an accounting as a suit in equity as well as a remedy.  *Compare Hutchings v. Chevron USA, Inc*., 862 S.W.2d 752, 762 (Tex. App. –El Paso 1993, writ denied) (treating accounting as an equitable remedy), *with Palmetto Lumber Co. v. Gibbs*, 124 Tex. 615, 626–27 (Tex. 1935) (treating an accounting as an equitable cause of action); *see Michael v. Dyke*, 41 S.W.3d 746, 754 (Tex. App. –Corpus Christi 2001, no pet.) ("An action for accounting may be a suit in equity, or it may be a particular remedy sought in conjunction with

another cause of action." (comparing *Hutchings*, 862 S.W.2d at 762 with *Palmetto*, 123 Tex. at 626–27)). Other courts in this circuit have cited *Michael* in finding an independent equitable cause of action. *See, e.g.*, *Shaw v. Wells Fargo Bank, NA*, H: 12-cv-1422, 2013 WL 4829268, at *6 (S.D. Tex. Sept. 10, 2013) (Harmon, J.); *Saenz v. JP Morgan Chase Bank, N.A.*, No. 7:13-cv-156, 2013 WL 3280214, at *5 (S.D. Tex. June 27, 2013) (Alvarez, J.).

Whether an accounting is only an equitable remedy or also an independent cause of action, it is appropriate only "when the facts and accounts presented are so complex that adequate relief may not be obtained at law." *Hutchings*, 862 S.W.3d at 754 (citing *Richardson v. First Nat'l Life Ins. Co.*, 419 S.W.2d 836, 838 (Tex. 1967)); *see also Watson v. CitiMortgage*, 814 F. Supp. 2d 726, 737 (E.D. Tex. 2011) ("If Plaintiffs' request for an accounting is a separate, equitable cause of action, it is a proper action 'when the facts and accounts in issue are so complex that adequate relief cannot be contained at law.'" (quoting *Brown v. Cooley Enters., Inc.*, No. 3:11-cv-123-D, 2011 WL 2200605, at *1 (N.D. Tex. June 7, 2011) (citing *Michael*, 41 S.W.3d at 754; *Hutchings*, 862 S.W.2d at 762)).

Donnelly's bare assertion that she is entitled to an accounting is inadequate as a matter of law. Donnelly has not pleaded any basis to support an inference that the documents she seeks cannot be obtained through ordinary procedures. Nor has she pleaded any basis to infer that this case is so complex that adequate relief cannot be obtained at law. *See, e.g., McLaughlin v. Wells Fargo Bank, N.A.*, 4:12-cv-2658, 2013 WL 5231486, at *6 (S.D. Tex. Sept. 13, 2013) ("Here, there are no allegations that either the facts or the account at issue is complex, or that Plaintiff cannot obtain the accounting information he seeks through discovery. Thus, Plaintiff has not set forth any facts that would support a separate claim in equity for an accounting, and any such claim is subject

to dismissal under Rule 12(b)(6)." (citations omitted)); *Sauceda v. Wells Fargo Bank, N.A.*, No. SA-12-cv-1094 (DAE), 2013 WL 690534, at \*2 (S.D. Tex. Feb. 25, 2013) ("Plaintiff has not argued that the facts surrounding his mortgage payments are so complex that adequate relief cannot be obtained by law.  Thus, to the extent that Plaintiff seeks to pursue a stand-alone equitable action for an accounting, he has not plead sufficient facts to warrant such an action." (quotation omitted)).

The motion to dismiss the claim for an accounting is granted.

### B.      Wrongful Foreclosure

To the extent that Donnelly alleges wrongful foreclosure, the claim fails.  JP Morgan has not foreclosed on the property, which is required for a wrongful-foreclosure claim.

"Under Texas common law, a borrower may recover for wrongful foreclosure when inconsistencies or irregularities in the foreclosure process cause the borrower to suffer a loss." *Buchanan v. U.S. Bank N.A.*, No. H-13-cv-3525, 2013 WL 6890003, at \*2 (S.D. Tex. Dec. 31, 2013) (Rosenthal, J.) (citing *Wieler v. United Sav. Ass'n of Tex.*, 887 S.W. 2d 155, 158 (Tex. App. —Texarkana 1994, writ denied)).  "A borrower may recover damages for wrongful foreclosure only if the lender (1) fails to comply with statutory or contractual terms in the foreclosure; or (2) complies with such terms, yet takes affirmative action that detrimentally affects the fairness of the foreclosure proceedings." *Id.* (citing *Houston Omni USA Co. v. Southtrust Bank Corp.*, No. 01-07-433-cv, 2009 WL 1161860, at \*6 (Tex. App. —Houston [1st Dist.] 2008, no pet.); *First State Bank v. Keilman*, 851 S.W.2d 914, 921–22 (Tex. App. —Austin 1993, no writ.)).  "'Under Texas law, even if a mortgage holder wrongfully attempts foreclosure, there is no claim for wrongful foreclosure if the mortgagor does not lose possession of the home.'" *Id.* (quoting *Smith v. J.P. Morgan Chase Bank N/A*, No. H-10-cv-3730, 2010 WL 4622209, at \*2 (S.D. Tex. Nov. 4, 2010)).

Donnelly has neither pleaded nor stated in her response to the motion to dismiss that JP Morgan has foreclosed on the property or that she has lost possession of her home.  Nor has Donnelly pleaded any irregularities in the foreclosure process that violate statutory or contractual obligations.  This claim is dismissed.

### C.      Document Production

Donnelly asks the court to require JP Morgan to produce the "Original Promissory Note and Deed of Trust" to demonstrate that it is a "Holder in Due Course" and "Party in Interest" to the mortgage.

Under Texas law, a mortgage servicer, such as JP Morgan, may administer a foreclosure sale. TEX. PROP. CODE § 51.0025.  "A mortgage servicer may administer a foreclosure without the note." *Griffin v. BAC Home Loans Servicing, LP*, No. H-09-03842, 2011 WL 675285, at *2 (S.D. Tex. Feb. 16, 2011).  And "[c]ourts in Texas have repeatedly recognized that Texas law allows either a mortgagee or a mortgage servicer to administer a deed of trust foreclosure without production of the original note."  *Cannon v. JP Morgan Chase Bank, N.A.*, No. 4:11-cv-458, 2011 WL 6838615, at *4–*5 (citing cases).

Donnelly has not shown a basis to require JP Morgan to produce the "Original Promissory Note" and "Deed of Trust."  To the extent this request is a claim, it is dismissed.

### D.      Wrongful Credit Reporting

Donnelly asks the court to require JP Morgan to explain the "reason [JP Morgan] has reported to Credit Bureaus that account originated on April 1st, 1993."  Generously construed, this claim is for wrongful credit reporting.

The Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq*., governs.  It preempts state-law

claims for inaccurate credit reporting.  15 U.S.C. § 1681t(b).  The FCRA imposes two general duties:  (1) "a [d]uty of furnishers of information to provide accurate information," 15 U.S.C. § 1681s-2(a); and (2) "[d]uties of furnishes of information upon notice of dispute," 15 U.S.C. § 1681s-2(b).  While the FCRA does impose civil liability for willful and negligent noncompliance with the statute, 15 U.S.C. §§ 1681n, 1681o,  the FCRA expressly precludes a private right of action for breaches of the duty to provide accurate information, 15 U.S.C. § 1681s-2(c). *See Finegan v. Chase Home Fin., LLC*, No. 4:10-cv-04645, 2012 WL 444046, at *3 (S.D. Tex. Feb. 10, 2012) (Ellison, J.) ("There is no private cause of action under 15 U.S.C. § 1681s-2(a), which concerns the duty of furnishers of information to provide accurate information.  In contrast, 15 U.S.C. § 1681s-2(b) concerns the duties of furnishers of information upon notice of a dispute.  Violations of 1681s-2(b) may give rise to a private right of action." (citations omitted)).[1]

Assuming that a private right of action does exist, Donnelly would be able to sue the information furnisher only by alleging that "(1) [she] initiated a dispute with a credit reporting agency; (2) the credit reporting agency provided [JP Morgan] with notice of the dispute; and (3) [JP Morgan] failed to take appropriate action regarding the dispute." *Zoluaga v. BAC Home Loans Servicing, L.P.*, No. 4:11-cv-369, 2011 WL 5600377, at *5 (E.D. Tex. 2011) (citing 15 U.S.C. §

---

[1] *Compare Smith v. Nat'l City Mortg.*, No. A-09-cv-881 (LY), 2010 WL 3338537, at *15 (W.D. Tex. Aug. 23, 2010) ("While the Fifth Circuit has not ruled on the issue, numerous district courts within this circuit, as well as other circuit courts, have held that there is a private right of action for individuals asserting violations of § 1681s-2(b)." (footnote omitted)), *with Young v. Equifax Credit Info. Services, Inc.*, 294 F.3d 631, 639 (5th Cir. 2002) ("Nothing in [certain FRCA] sections precludes a private right of action for violation of the investigation and reporting requirements of Section 1681s-2(b).  We need not decide, and do not decide, whether a private right of action exists[.]") *and Bashore v. Resurgent Capital Services, L.P.*, 452 F. App'x 522, 524 (5th Cir. 2011) (nonprecedential) ("Regarding her FCRA claim, 15 U.S.C. § 1681s-2(b)(1), [plaintiff] again has not alleged sufficient facts to show a violation.  Her assertion that the statute mandates that the allegedly inaccurate information be deleted from her credit reports on account of her dispute is inaccurate.").

1681s-2(b)(1)(A)-(E)).  Donnelly instead asks the court to require JP Morgan to explain an alleged discrepancy in the origination of her loan years ago.  The FRCA does not provide for such a request.  It is dismissed.

### E.    Other General Claims

Donnelly accuses JP Morgan of engaging in "victimizing and abusive practices."  Donnelly has not provided sufficient factual allegations.  The claim is conclusory and cannot proceed.

## III.    Donnelly's Response Brief

Donnelly did not respond to the grounds for dismissal that JP Morgan identified in its motion.  Instead, Donnelly asked the court to remand the action to state court, alleging that JP Morgan failed to prove that the actual amount in controversy exceeded the jurisdictional amount because the value of her home is not the actual amount in controversy.  Donnelly also argued that JP Morgan cannot foreclose on her home after her mortgage was "securitized."  As an initial matter, neither of these claims was previously raised.  Setting aside this issue, the arguments are without merit.

"The amount in controversy is the appraised value of the house[.]"  *Tu Nguyen v. Bank of America, N.A.*, 516 F. App'x 332, 334 (5th Cir. 2013) (nonprecedential); *see also Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013) ("The purpose of the injunctive and declaratory relief, to stop the foreclosure sale of the property by GMAC and Deutsche Bank, establishes the properties as the object of the present litigation.  As [the Fifth Circuit has] explained, the amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected . . . the potential loss of use and ownership of the properties . . . ; the value of that property represents the amount in controversy." (citations omitted)).  There is no basis to remand.

Donnelly's securitization argument also fails. "[N]either [her] pleadings nor [her] brief even allude to any legal authority in support of [the] theory that the securitization of the debt rendered the note and accompanying deed of trust unenforceable and discharged [her] obligations under the note and deed of trust." *Warren v. Bank of America, N.A.*, No. 3:11-cv-3603-M, 2012 WL 3020075, at *6 (citing five cases rejecting similar arguments). This claim is dismissed.

**IV.     Conclusion**

Donnelly has failed to plead sufficient legal or factual grounds for her claims and arguments. The case law clearly precludes the causes of actions she asserted in her petition. Because her subsequent arguments identifying how she would replead fail as a matter of law, there is no need to allow repleading because it would be futile.

The court grants JP Morgan's motion to dismiss. (Docket Entry No. 3). Donnelly's petition is dismissed, with prejudice. (Docket Entry No. 1). Final judgment is separately entered.

SIGNED on February 4, 2014, at Houston, Texas.

Lee H. Rosenthal
United States District Judge